## CIRCUIT COURT OF FAIRFAX COUNTY

Brenner

v.

Fox et al.

May 30, 1995

Case No. (Chancery) 138456

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court on May 26, 1995, upon Brenner's "Motion to Overrule Demurrer." After review, the Court grants the motion in part and denies it in part.

Complainant correctly sets forth the state of the law in the Commonwealth: "[I]t is competent for the court having possessed itself of the subject by proper exercise of its [equity] jurisdiction, to do complete justice between the parties; and as ancillary to that purpose, may ascertain damages sustained by the defendant . . . ." *Nagle v. Newton*, 63 Va. (22 Gratt.) 814, 825 (1872). The key language is "ancillary to that purpose."

Count 1 of the Bill of Complaint is a Stockholder Derivative Action requesting an accounting and change of management of the corporation and, as such, is properly in equity. In order to be given complete relief, Brenner also requests his back pay and reimbursement of expenses incurred on behalf of the corporation, which relief is ancillary to the request for accounting. (The issue of punitive damages is not addressed by the Demurrer.)

Counts 2 through 7, however, allege and request damages as the result of the actions of the defendants. None of these counts support the requested "equitable" relief they contain. Nor are the claims ancillary to the equity claim of Count 1 or necessary to give complete relief thereunder. The fact that a Complainant may obtain equity jurisdiction over a Defendant does not create a right to attach any relief at law he may have against the same party. Even though the same facts may be the basis of different

causes of actions, they are not necessarily "ancillary" ("auxiliary or sub-ordinate" according to *Black's Law Dictionary*) to the equity claim.

The Motion to Overrule the Demurrer is granted as to Count 1, but denied as to Counts 2 through 7. This has the effect of sustaining the Demurrer on the latter counts, and the Court grants twenty-one days from entry of the Decree to sever the counts, transfer them to the law side of the court, and file a Motion for Judgment.